**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

| | | |
|---|---|---|
| GEORGIACARRY.ORG, INC. | ) | |
| And BRIAN BARRS, | ) | |
| | ) | |
|     Plaintiffs | ) | CIVIL ACTION FILE NO. |
| | ) | |
| v. | ) | _____ |
| | ) | |
| | ) | |
| THE U.S. ARMY CORPS OF | ) | |
| ENGINEERS, | ) | |
| And | ) | |
| THOMAS J. TICKNER, in his | ) | |
| Official Capacity as Commander, | ) | |
| Savannah District of the US Army | ) | |
| Corps of Engineers, | ) | |
| | ) | |
|     Defendants. | ) | |

## COMPLAINT

## I. INTRODUCTION

1.     This action seeks declaratory and injunctive relief for deprivation of Plaintiffs' rights to keep and bear arms.

## II. JURISDICTION & VENUE

2.     This Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1346(a).

3.   Venue is proper because Plaintiff Barrs resides in this District and in this Division.  28 U.S.C. § 1402(a)(1); 28 U.S.C. § 1391(3)(1)(C).

## III. <u>PARTIES</u>

4.   Plaintiff GeorgiaCarry.Org, Inc. ("GCO") is a non-profit corporation organized under the laws of the State of Georgia.

5.   The mission of GCO is to foster the rights of its members to keep and bear arms.

6.   Plaintiff Brian Barrs is a resident of the State of Georgia and a citizen of the United States who lives in Columbia County, Georgia.

7.   Barrs is a member of GCO.

8.   Defendant U.S. Army Corps of Engineers (the "Corps") is a subset of the Department of the Army of the United States of America.

9.   The Corps operates public park and recreational facilities at water resource development projects under the control of the Department of the Army.

10.   The Corps is the largest provider of water-based outdoor recreation in the United States.

11.   Defendant Tickner is the Commander of the Mobile District of the Corps.

12.   Tickner is sued in his official capacity only.

13. The Savannah District of the Corps includes operation of Corps projects and facilities on the Savannah, Broad, and Little Rivers.

## IV.   FACTUAL BACKGROUND

14. Barrs possesses a Georgia weapons carry license ("GWL") issued to him pursuant to O.C.G.A. § 16-11-129.

15. With limited exceptions, Georgia law requires a GWL to carry a handgun outside one's home, automobile or place of business.

16. Barrs regularly keeps and carries a handgun in case of confrontation, except in locations where carrying handguns is prohibited by law.

17. Barrs frequently camps and recreates on Corps property and facilities at J. Strom Thurmond Lake (also known as Clarks Hill Lake).

18. Thurmond Lake is a Corps project and water facility located near Augusta Georgia and nearby areas of South Carolina.

19. Thurmond Lake comprises 71,100 acres of water, 80,000 acres of land, and 1,200 miles of shoreline. It is a man-made lake created by the Thurmond Dam, located 239.5 miles upriver from the mouth of the Savannah River.

20. The Thurmond Project was designed for flood control, hydropower, fish and wildlife, water quality, water supply, downstream navigation, and recreation.

21. Thurmond Lake is one of the top 10 most visited Corps lakes in the United States.

22. Thurmond Lake is in the Savannah District and hence within the jurisdiction of Tickner's command.

23. The Corps provides 10 campgrounds, five day use areas, and other recreational areas around the lake.

24. The State of Georgia also operates a state park, Mistletoe State Park, on Corps property at the Thurmond Project.

25. Barrs uses the Mistletoe facilities weekly and sometimes daily during the summer months.

26. Corps regulations, specifically 36 C.F.R § 327.13, prohibit possession of loaded firearms on Corps property, absent certain exceptions.

27. One exception is contained in 36 C.F.R. § 327.13(a)(4).

28. Subsection (a)(4) provides that written permission to carry a firearm may be obtained from the District Commander.

29. But for the application and enforcement of 36 C.F.R. § 327.13, Barrs would keep and carry a handgun in case of confrontation when he recreates and camps at Thurmond.

30. A violation of 36 C.F.R. § 327.13 is punishable by a $5,000 fine or imprisonment for 6 months or both.

31. 36 C.F.R. § 327.13 does not have an exception for people camping, in tents or otherwise, at Corps camping facilities.

32. 36 C.F.R. § 327.13 does not have an exception for people using the Corps facilities for other recreational purposes besides hunting.

33. Barrs is in fear of arrest, prosecution and punishment for violating 36 C.F.R. § 327.13 and therefore refrains from keeping and carrying a loaded handgun when he recreates and camps at Thurmond.

34. On June 16, 2014, Barrs sent an email to Col. Donald Walker, the District Commander of the South Atlantic Division of the Corps, asking for written permission to carry a loaded handgun at Thurmond.

35. On June 17, 2014, Walker responded to Barrs via email, informing Barrs that Thurmond is in the Savannah District and that Walker had forwarded Barrs' email to Tickner as the District Commander for the Savannah District.

36. On July 8, 2014, Tickner responded to Barrs via email, advising Barrs that Tickner was declining to exercise his discretion to allow Barrs to possess a

loaded firearm at Thurmond or other Corps recreation facilities under Tickner's responsibility.

37.   GCO has other members who recreate and camp at Corps recreation facilities in the Savannah District and who wish to carry loaded handguns at such recreation facilities in case of confrontation.

## Count 1 – Violations of Second Amendment

38.   The Second Amendment guarantees the right of the people to keep and bear arms.

39.   By having and enforcing a regulation that prohibits keeping and bearing arms by people who are both recreating and camping at Corps facilities, and by denying Barrs' request for written permission to possess loaded firearms on Corps property, Defendants are violating Plaintiffs' rights to keep and bear arms as guaranteed by the Second Amendment.

## Prayer for Relief

Plaintiffs demand the following relief:

40.   A declaration that 36 C.F.R. § 327.13 is unconstitutional as applied.

41.   A preliminary and permanent injunction prohibiting the enforcement of 36
      C.F.R. § 327.13 against GCO members who are GWL holders, in the
      recreational areas of the Thurmond Project.

42.   Costs for bringing and maintaining this case, including reasonable attorney's
      fees.

43.   Any other relief the Court deems proper.


                         JOHN R. MONROE,


                         ___/s/ John R. Monroe_____
                         John R. Monroe
                         Attorney at Law
                         9640 Coleman Road
                         Roswell, GA 30075
                         Telephone: (678) 362-7650
                         Facsimile: (770) 552-9318
                         jrm@johnmonroelaw.com

                         ATTORNEY FOR PLAINTIFFS