# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | | |
|---|---|---|
| GEORGIACARRY.ORG, INC. <br> And DAVID JAMES, | ) <br> ) <br> ) | |
| Plaintiffs | ) <br> ) | CIVIL ACTION FILE NO. |
| v. | ) <br> ) <br> ) | _____ |
| THE U.S. ARMY CORPS OF ENGINEERS, <br> And <br> JON J. CHYTKA, in his official Capacity as Commander, Mobile District of the US Army Corps of Engineers, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

## **COMPLAINT**

### **I. INTRODUCTION**

1. This action seeks declaratory and injunctive relief for deprivation of Plaintiffs' rights to keep and bear arms.

### **II. JURISDICTION & VENUE**

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1346(a).

-1-

3. Venue is proper because Plaintiff James resides in this District and in this Division. 28 U.S.C. § 1402(a)(1); 28 U.S.C. § 1391(3)(1)(C).

### III. PARTIES

4. Plaintiff GeorgiaCarry.Org, Inc. ("GCO") is a non-profit corporation organized under the laws of the State of Georgia.

5. The mission of GCO is to foster the rights of its members to keep and bear arms.

6. Plaintiff David James is a resident of the State of Georgia and a citizen of the United States who lives in Paulding County, Georgia.

7. James is a member of GCO.

8. Defendant U.S. Army Corps of Engineers (the "Corps") is a subset of the Department of the Army of the United States of America.

9. The Corps operates public park and recreational facilities at water resource development projects under the control of the Department of the Army.

10. The Corps is the largest provider of water-based outdoor recreation in the United States.

11. Defendant Chytka is the Commander of the Mobile District of the Corps.

12. Chytka is sued in his official capacity only.

13. The Mobile District of the Corps includes operation of Corps projects and facilities on the Chattahoochee, Flint, and Apalachicola Rivers.

### IV. FACTUAL BACKGROUND

14. James possesses a Georgia weapons carry license ("GWL") issued to him pursuant to O.C.G.A. § 16-11-129.

15. With limited exceptions, Georgia law requires a GWL to carry a handgun outside one's home, automobile or place of business.

16. James regularly keeps and carries a handgun in case of confrontation, except in locations where carrying handguns is prohibited by law.

17. James frequently camps and recreates on Corps property and facilities at Lake Altoona.

18. Lake Allatoona is a Corps project and water facility located in Northwest Georgia.

19. Allatoona is in the Mobile District and hence within the jurisdiction of Chytka's command.

20. Allatoona is one of the most frequently visited Corps lakes in the nation, receiving over 6 million visitors per year.

21. The Corps provides nearly 600 campsites and 200 picnic sites along the lake.

22. James camps in a tent at the McKaskey Creek campsites, a Corps camping facility, several weeks per year.

23. Corps regulations, specifically 36 C.F.R § 327.13, prohibit possession of firearms on Corps property, absent certain exceptions.

24. One exception is contained in 36 C.F.R. § 327.13(a)(4).

25. Subsection (a)(4) provides that written permission to carry a firearm may be obtained from the District Commander.

26. But for the application and enforcement of 36 C.F.R. § 327.13, James would keep and carry a handgun in case of confrontation when he recreates and camps at Allatoona.

27. A violation of 36 C.F.R. § 327.13 is punishable by a $5,000 fine or imprisonment for 6 months or both.

28. 36 C.F.R. § 327.13 does not have an exception for people camping, in tents or otherwise, at Corps camping facilities.

29. James is in fear of arrest, prosecution and punishment for violating 36 C.F.R. § 327.13 and therefore refrains from keeping and carrying a handgun when he recreates and camps at Allatoona.

30. On May 21, 2014, James sent an email to Col. Donald Walker, the District Commander of the Savannah District of the Corps, asking for written permission to carry a handgun at Allatoona.

31. On May 23, 2014, Walker responded to James via email, informing James that Allatoona is in the Mobile District and that Walker had forwarded James' email to Chytka as the District Commander for the Mobile District.

32. On June 9, 2014, Chytka responded to James via email, advising James that Chytka had discussed James' request with Chytka's own staff and Chytka's "higher headquarters," and that Chytka had "discerned not to exercise my discretion under 36 C.F.R. § 327.13(a)(4) to grant you permission to possess a loaded firearm while visiting Lake Allatoona."

33. GCO has other members who recreate and camp at Corps facilities in the Mobile District.

**Count 1 – Violations of Second Amendment**

34. The Second Amendment guarantees the right of the people to keep and bear arms.

35. By having and enforcing a regulation that prohibits keeping and bearing arms by people who are both recreating and camping at Corps facilities, and by

denying James' request for written permission to possess loaded firearms on Corps property, Defendants are violating Plaintiffs' rights to keep and bear arms as guaranteed by the Second Amendment.

**<u>Prayer for Relief</u>**

Plaintiffs demand the following relief:

36. A declaration that 36 C.F.R. § 327.13 is unconstitutional on its face and as applied.

37. A preliminary and permanent injunction prohibiting the enforcement of 36 C.F.R. § 327.13.

38. Costs for bringing and maintaining this case, including reasonable attorney's fees.

39. Any other relief the Court deems proper.

JOHN R. MONROE,

\_\_\_/s/ John R. Monroe_____
John R. Monroe
Attorney at Law
9640 Coleman Road
Roswell, GA 30075

-6-

Telephone: (678) 362-7650
Facsimile: (770) 552-9318
jrm@johnmonroelaw.com

ATTORNEY FOR PLAINTIFFS