IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| GEORGIACARRY.ORG, INC. And BRIAN BARRS, | ) ) ) | |
| Plaintiffs | ) ) | CIVIL ACTION FILE NO. |
| v. | ) ) ) ) | 1:14-CV-00178-JRH-BKE |
| THE U.S. ARMY CORPS OF ENGINEERS, And THOMAS J. TICKNER, in his Official Capacity as Commander, Savannah District of the US Army Corps of Engineers, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO FILE A RESPONSE TO THE COMPLAINT**

Defendants made an appearance in this case on September 17, 2014. Doc. 5. They then waited two more months before taking any action. Now that one Defendant (Tickner) is in default and the other Defendant's (Corps of Engineers') response to the Complaint is immediately due, they ask for an indefinite extension of time to respond the Complaint. They have indicated they intend to file a motion to dismiss. Doc. 8-1, ¶ 1. They claim, without explanation, that it will be

unnecessary for the Court to address a motion to dismiss if the Court transfers the case as Defendants have requested.

While it may not be necessary for *this* Court to address a motion to dismiss if the case is transferred, it will be necessary for *some* Court to address the motion. If Defendants were to file a motion to dismiss as early as today, there still would be the usual briefing cycle before the Court even had an occasion to consider the motion. If the Court were still contemplating the motion to transfer, it would of course be free to delay addressing the motion to dismiss. In other words, the Court may extend the time it takes to decide a motion to dismiss, but Defendants have put forth no legitimate reason why they need an extension of time to file such a motion.

Defendants somewhat disingenuously claim that their requested extension would not unduly delay this action. Doc. 8-1, ¶3. Defendant Tickner already is in default. Doc. 11. Of course any additional time given him to respond now that he is in default will unduly delay the action. Moreover, Defendant Corps' response is due November 10, 2014, just one business day from today. Again, any extension would cause an undue delay. Had Defendants made their request early on, somewhat contemporaneously with their appearance in the case, they might have had a point. But the Federal Rules of Civil Procedure already give them nearly three times as much time to respond to complaints as non-federal defendants are

allotted. They have provided no reason why they need more time for a motion to dismiss.

Defaulting on complaints and then asking for forgiveness and an extension of time to respond is a bit of a *modus operandi* for Defendant Corps and its counsel. In a similar case against the Corps in the District Court for the Northern District of Georgia, where the Corps is represented by the same counsel, the Corps defaulted and then asked for an extension of time to respond. *See* Case No. 4:14-CV-00139-HLM, Docs. 16, 17, 18. It is clear the Corps' strategy is to waste through inaction all the time generously allotted to federal defendants and then ask for more. Plaintiffs oppose such sharp practices. It would perhaps be different if Defendants articulated any legitimate reason for needing additional time. But they are not even attempted to do so. Plaintiffs oppose Defendants' motion for additional time and request that they be required to respond within the time allowed by law.

JOHN R. MONROE,

\_\_\_/s/ John R. Monroe_____
John R. Monroe
Attorney at Law
9640 Coleman Road
Roswell, GA 30075
Telephone: (678) 362-7650
Facsimile: (770) 552-9318
jrm@johnmonroelaw.com

Georgia Bar No. 516193

ATTORNEY FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

I certify that on November 7, 2014, I served a copy of the foregoing via the ECF system on counsel of record

                                           /s/ John R. Monroe

                                    John R. Monroe