IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| GEORGIACARRY.ORG, INC., and BRIAN BARRS, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION FILE NO. |
| v. | ) ) | 1:14-CV-00178-JRH-BKE |
| U.S. ARMY CORPS OF ENGINEERS and THOMAS J. TICKNER, in his official capacity as Commander, Savannah District U.S. Army Corps of Engineers, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLERK'S ENTRY OF DEFAULT AGAINST DEFENDANT THOMAS J. TICKNER**

1.      Defendants intend to respond to Plaintiffs' complaint by filing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  However, because this case is duplicative of a suit already pending in U.S. District Court for the Northern District of Georgia, Defendants have moved to transfer this case to that Court [ECF No. 8].  If the Court grants Defendants' motion to transfer, it will be unnecessary for the Court to address Defendants' proposed motion to dismiss.

2.      To prevent the parties and the Court from spending unnecessary time and resources in briefing and adjudicating a potentially unnecessary motion, Defendants have moved for an extension of time to respond to Plaintiffs' complaint until 7 days after the Court has ruled Defendants' motion to transfer [ECF No. 9].  In accordance with Local Civil Rule 7.1(b), two days before filing their motion, Defendants contacted Plaintiffs before filing to determine whether Plaintiffs would consent to this extension.  Plaintiffs informed Defendants that they

1

opposed this request for an extension of time, but did not provide any reason for their opposition. Instead, Plaintiffs responded with: "Plaintiffs would oppose the motion(s) you describe."

3.  Two days after Plaintiffs informed Defendants they opposed the extension of time, Plaintiffs moved for an entry of default against Defendant Thomas J. Tickner, Commander of the Savannah District of the U.S. Army Corps of Engineers.

4.  Plaintiffs' motion lacks merit.  Federal Rule of Civil Procedure 55(d) provides that "[a] default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court."  Fed. R. Civ. P. 55(d).  Viewing Rule 55(d) "as more restrictive than the typical standard for default, courts have held that entry of default judgment against the United States will not be based simply on a failure to file an answer or responsive pleading."  Sun v. United States, 342 F. Supp. 2d 1120, 1124 (N.D. Ga. 2004) (citing cases), aff'd in relevant part, 151 F. App'x 860, 862 n.1 (11th Cir. 2005).[1]  Thus, "[w]hen the government's default is due to a failure to plead . . . the court typically either will refuse to enter a default or, if a default is entered, it will be set aside." Id. (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2702 (3d ed. 1998)); see also Carroll v. Sec'y, Dep't of Health, Educ. & Welfare, 470 F.2d 252, 256 (5th Cir. 1972) ("Rule 55(e) is designed to prevent a judgment from being entered against the government because of a procedural default, which is precisely what we find occurred here.");[2] United States v. Burns, No. 94-435, 1995 WL 525599, at *4 (M.D. Fla. Mar. 17, 1995) (bankruptcy court's "failure to conduct an evidentiary hearing prior to entry of default

---

[1] Though Sun cited Fed. R. Civ. P. 55(e), as of 2007, that provision is now codified as Fed. R. Civ. P. 55(d), with no substantive changes.  See Fed. R. Civ. P. 55 advisory committee's note, 2007 amendments ("These changes are intended to be stylistic only.").

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to October 1, 1981.

2

judgment against the United States was improper legal procedure which constituted an abuse of discretion").

5. Defendants have not refused to respond to Plaintiffs' complaint. Instead, as explained above, Defendants have asked the Court for an extension of time to respond to the complaint in light of Defendants' pending motion to transfer this case to the district where Plaintiffs first-filed a virtually identical case. Both motions were timely filed on November 7, 2014, the date Defendants' response to the complaint was due.

6. Additionally, because Plaintiffs failed to provide any reason to Defendants for refusing to consent to a motion for an extension of time to respond to Plaintiffs' complaint, Defendants respectfully submit that Plaintiffs should not now be heard to claim they will suffer any prejudice if the Court stays Defendants' obligation to respond to Plaintiffs' complaint until after the Court has ruled on Defendants' motion to transfer.

Accordingly, Defendants respectfully request that the Court deny Plaintiffs' motion for entry of default.

Dated:  November 10, 2014               Respectfully submitted,

                                        JOYCE R. BRANDA
                                        Acting Assistant Attorney General


                                          /s/ Daniel Riess
                                        DIANE KELLEHER
                                        Assistant Branch Director
                                        DANIEL RIESS (Texas Bar No. 24037359)
                                        Trial Attorney
                                        U.S. Department of Justice
                                        Civil Division, Rm. 6122
                                        20 Massachusetts Avenue, NW
                                        Washington, D.C. 20530
                                        Telephone: (202) 353-3098
                                        Fax: (202) 616-8460
                                        Email: Daniel.Riess@usdoj.gov

                          EDWARD J. TARVER
                          United States Attorney

                           /s/ Edgar D. Bueno
                          EDGAR D. BUENO
                          Assistant United States Attorney
                          Virginia Bar No. 41307
                          22 Barnard Street, Suite 300
                          Savannah, Georgia 31401
                          (912) 652-4422
                          Edgar.Bueno@usdoj.gov

                          *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that, on November 10, 2014, I electronically filed the within and foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the parties' attorneys of record.

This 10th day of November, 2014.

                                                  /s/ Daniel Riess
                                           Daniel Riess