# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | | |
|---|---|---|
| GEORGIACARRY.ORG, INC. And BRIAN BARRS, | ) ) ) | |
| Plaintiffs | ) ) | CIVIL ACTION FILE NO. |
| v. | ) ) ) ) | 1:14-CV-00178-JRH-BKE |
| THE U.S. ARMY CORPS OF ENGINEERS, And THOMAS J. TICKNER, in his Official Capacity as Commander, Savannah District of the US Army Corps of Engineers, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR CLERK'S ENTRY OF DEFAULT AGAINST DEFENDANT THOMAS J. TICKNER

Defendant Tickner misstates to this Court that he requested additional time to respond to the Complaint on the "date Defendants' response to the complaint was due." Doc. 14, ¶ 5. Tickner fails to explain how he arrived at a due date of November 7, 2014. In their Motion for Clerk's Entry of Default against Tickner, Plaintiffs showed the Court that Tickner's response was due November 4, 2014, three days *before* Tickner moved for more time. Even if he had requested

additional time on the due date of his response, Tickner fails to explain why he waited until the very last day to respond to ask for more time.

Tickner also mistakenly confuses a clerk's entry of default with an entry of default judgment.  Plaintiffs have requested the former and Tickner argues against the latter.   Pursuant to Fed.R.Civ.Proc. 55(a), the Clerk must enter a default against a Defendant that fails to plead or otherwise defend.  But Tickner argues against entry of a default judgment (pursuant to Fed.R.Civ.Proc. 55(d)).  Plaintiffs have not requested a default judgment, so Tickner's arguments miss the mark.

Interwoven with his Rule 55(d) argument is an implicit claim that the Government can take as long as it wants to respond to a complaint.  There is no such rule.  While default judgments against the Government are frowned upon, entry of default upon Tickner would not necessarily translate into or result in an entry of a default judgment against Tickner.

The wording of Rule 55(a) is mandatory (the clerk "shall" enter a default against a party who fails to respond).  To ignore that rule just because Tickner is a government officer would be to ignore any time limits at all for Tickner to respond.  If there is no time limit, then why would Tickner even file a motion for an extension of time?  His argument is that he files a response when he gets around to it, and not before.

Tickner also complains that Plaintiffs provided no reason to him for refusing to consent to a motion for an extension of time.  What Tickner fails to tell the Court is that he did not tell Plaintiffs a reason for asking for an extension and he did not ask Plaintiffs for a reason for withholding consent.  Tickner already is in default and he was in default before he asked for an extension of time.  Plaintiffs see no reason to indulge Tickner's failure to respond by granting *nunc pro nunc* requests for an extension, especially when no just reason is provided.

Tickner's sole explanation for an extension is that the Court would not have to evaluate Tickner's (planned) motion to dismiss if it granted a motion to transfer the case.  While that may be true, it ignores the fact that *some* court would have to evaluate it, and either way Plaintiffs would have to respond to it.  There is no reason for Tickner to have additional time to file a motion to dismiss in order to save this Court the time of reviewing the motion.  This Court merely can forego reviewing the motion to dismiss unless and until it denies the motion to transfer.

JOHN R. MONROE,

___/s/ John R. Monroe_____
John R. Monroe
Attorney at Law
9640 Coleman Road
Roswell, GA 30075
Telephone: (678) 362-7650
Facsimile: (770) 552-9318

[jrm@johnmonroelaw.com](mailto:jrm@johnmonroelaw.com)
Georgia Bar No. 516193

ATTORNEY FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

      I certify that on November 10, 2014, I served a copy of the foregoing via the ECF system on counsel of record

                                                       /s/ John R. Monroe

                                                       John R. Monroe