# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | |
|---|---|
| GEORGIACARRY.ORG, INC. ) | |
| And BRIAN BARRS, ) | |
|  ) | |
| Plaintiffs ) | CIVIL ACTION FILE NO. |
|  ) | |
| v. ) | 1:14-CV-00178-JRH-BKE |
|  ) | |
|  ) | |
| THE U.S. ARMY CORPS OF ) | |
| ENGINEERS, ) | |
| And ) | |
| THOMAS J. TICKNER, in his ) | |
| Official Capacity as Commander, ) | |
| Savannah District of the US Army ) | |
| Corps of Engineers, ) | |
|  ) | |
| Defendants. ) | |

## PLAINTIFFS' MOTION FOR CLERK'S ENTRY OF DEFAULT AGAINST DEFENDANT U.S. ARMY CORPS OF ENGINEERS

Plaintiff moves for the Clerk's entry of default against Defendant U.S. Army Corps of Engineers ("Corps"). As grounds for this Motion, Plaintiff shows the Court as follows:

Plaintiffs commenced this action to enjoin Defendants' enforcement of 36 C.F.R. § 327.13. Defendant Corps was served on September 10, 2014, and such service included service on the United States Attorney. Doc. 10. When an agency

of the U.S. Governmental is sued, it must respond to the complaint within 60 days of service on the United States Attorney.  Fed.R.Civ.Proc. 12(a)(2).

Sixty days from September 10, 2014 was November 9, 2014, which was a Sunday.  The Corps' response was therefore due yesterday, November 10, 2014.  Upon the records of the Clerk, no answer or other response to the Complaint has been filed by either Defendant as of this writing.  Indeed, the Corps has filed a motion for an extension of time to file a response.

Of course, filing a motion for an extension of time to file a response is not a substitute for responding to the complaint itself.  The Corps' reason given for needing more than 60 days to respond to the complaint is unpersuasive.  In fact, the Corps does not represent to the Court that it needs any more time at all to respond to the complaint.  Instead, the Corps merely claims that it is saving the Court the trouble of having to review the Corps' planned motion to dismiss, because the Corps also has moved for an order transferring this case to the Northern District of Georgia.

The Corps is confusing its own obligation to respond to the complaint with the need for the Court to consider motions.  This Court may of course determine its own use of resources and consideration of motions.  Nothing prevents this Court from foregoing consideration of a motion to dismiss until after it decides on a motion to transfer.  Whether the case is transferred or not, however, has no bearing

on the fact that the Corps is obligated to respond to the complaint.  There simply is no reason to put off the Corps' obligation until after the motion to transfer is ruled upon.

It would be different if the motion to transfer were dispositive of the case, and resources could potentially be conserved by an extension. Regardless of where this case is heard, the Corps will have to respond to the complaint.  There is no reason why it should not be required to do so now.

Pursuant to Fed.R.Civ.Proc. 55(a), the Clerk must enter a default against a Defendant that fails to plead or otherwise defend.  Plaintiffs therefore move for the Clerk to enter a default against the Corps.  Plaintiffs note that they have previously moved for entry of default against Defendant Tickner.  Tickner responded by claiming he, as a government official cannot have a default *judgment* entered against him (thereby implying that he cannot have a default entered against him, either).  In anticipation of the Corps making the same claim, Plaintiffs emphasize that they are not seeking a default judgment against the Corps pursuant to Fed.R.Civ.Proc. 55(d).  They are seeking a clerk's entry of default against the Corps pursuant to Rule 55(a).  Such an entry is mandatory.

JOHN R. MONROE,

\_\_\_/s/ John R. Monroe_____
John R. Monroe

                                              Attorney at Law
                                              9640 Coleman Road
                                              Roswell, GA 30075
                                              Telephone: (678) 362-7650
                                              Facsimile: (770) 552-9318
                                              jrm@johnmonroelaw.com
                                              Georgia Bar No. 516193

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that on November 11, 2014, I served a copy of the foregoing via the ECF system on counsel of record

                                              /s/ John R. Monroe

                                              John R. Monroe