**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| GEORGIACARRY.ORG, INC., and | ) | |
| BRIAN BARRS, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION FILE NO. |
| | ) | |
| v. | ) | 1:14-CV-00178-JRH-BKE |
| | ) | |
| U.S. ARMY CORPS OF ENGINEERS | ) | |
| and THOMAS J. TICKNER, in his | ) | |
| official capacity as Commander, | ) | |
| Savannah District U.S. Army Corps of | ) | |
| Engineers, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLERK'S
ENTRY OF DEFAULT AGAINST DEFENDANT U.S. ARMY CORPS OF ENGINEERS**

1.      Plaintiffs have moved for entry of default against Defendant U.S. Army Corps of Engineers ("Corps") [Doc no. 17].  Defendants hereby oppose that motion.  There are no grounds for an entry of default against the Corps, and Plaintiffs' motion should be denied.

2.      On November 7, 2014, Defendants moved to transfer this case to the U.S. District Court for the Northern District of Georgia [Doc. no. 7].  If the Court grants the motion to transfer, that would obviate the need for this Court to hear any other motion in this case. Therefore, in lieu of filing a motion to dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6), Defendants moved for an extension of time to respond to Plaintiffs' complaint until 7 days after the Court has ruled on Defendants' motion to transfer [Doc. no. 9].  The Court granted this extension on November 13, 2014 [Doc. no. 18].

3.       Plaintiffs have moved for entry of default against the Corps under Fed. R. Civ. P. 55(a), which provides: "When a party against whom a judgment for affirmative relief is sought

has failed to plead *or otherwise defend*, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a) (emphasis added). The Rule was amended in 2007 to clarify the meaning of the italicized phrase:

> Former Rule 55(a) directed the clerk to enter a default when a party failed to plead or otherwise defend "as provided by these rules." The implication from the reference to defending "as provided by these rules" seemed to be that the clerk should enter a default even if a party did something showing an intent to defend, but that act was not specifically described by the rules. Courts in fact have rejected that implication. *Acts that show an intent to defend have frequently prevented a default even though not connected to any particular rule*. "[A]s provided by these rules" is deleted to reflect Rule 55(a)'s actual meaning.

Fed. R. Civ. P. 55, 2007 Amendments, Advisory Committee Note (emphasis added).

4.      "Since the government properly moved for an extension of time in which to file its response to the complaint, and this motion was granted, there is no ground for a default or a default judgment at this time." James A. Williams Trust v. United States, No. 10-753T, 2011 WL 477811, at *1 (Fed. Cl. Feb. 11, 2011); see also Marts v. McNeil, No. 10-240, 2011 WL 307621, at *1 (N.D. Fla. Jan. 13, 2011) (plaintiff not entitled to entry of default where court granted extension of time for defendant to file responsive pleading, and new deadline for defendant to file had not yet passed), adopted, 2011 WL 307618 (N.D. Fla. Jan. 26, 2011); Kim v. Marina Dist. Dev. Co., 488 F. App'x 545, 546 (3d Cir. 2012) ("We conclude that the Court appropriately denied [plaintiff's] motion [for default judgment] because [plaintiff] did not move for entry of default. Fed. R. Civ. P. 55(a). Furthermore, the averments of his motion demonstrated that the [defendant] had otherwise defended itself by requesting an extension of time to answer the complaint, which [plaintiff] was unwilling to grant.").

5.      Accordingly, there are no grounds for the Clerk of Court to enter default against Defendant U.S. Army Corps of Engineers. Defendants therefore respectfully request that the Court deny Plaintiffs' motion for entry of default.

Dated:  November 13, 2014

Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General


  /s/ Daniel Riess
DIANE KELLEHER
Assistant Branch Director
DANIEL RIESS (Texas Bar No. 24037359)
Trial Attorney
U.S. Department of Justice
Civil Division, Rm. 6122
20 Massachusetts Avenue, NW
Washington, D.C. 20530
Telephone: (202) 353-3098
Fax: (202) 616-8460
Email: Daniel.Riess@usdoj.gov


EDWARD J. TARVER
United States Attorney

  /s/ Edgar D. Bueno
EDGAR D. BUENO
Assistant United States Attorney
Virginia Bar No. 41307
22 Barnard Street, Suite 300
Savannah, Georgia 31401
(912) 652-4422
Edgar.Bueno@usdoj.gov

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that, on November 13, 2014, I electronically filed the within and foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the parties' attorneys of record.

This 13th day of November, 2014.

  /s/ Daniel Riess
Daniel Riess