IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| GEORGIACARRY.ORG, INC. <br> And BRIAN BARRS, | ) <br> ) <br> ) | |
| Plaintiffs | ) <br> ) | CIVIL ACTION FILE NO. |
| v. | ) <br> ) <br> ) | 1:14-CV-00178-JRH-BKE |
| THE U.S. ARMY CORPS OF ENGINEERS, <br> And <br> THOMAS J. TICKNER, in his Official Capacity as Commander, Savannah District of the US Army Corps of Engineers, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

## PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER

Defendants have moved for an order transferring this case to the Northern District of Georgia [Doc. 7]. Plaintiffs will show below that this Court has no jurisdiction over the issue raised, and that the transfer would be quite inconvenient to the parties.

### I. This Court Has No Jurisdiction to Transfer

Defendants seek to transfer the case under the so-called "first-filed rule." The first-filed rule is not a rule at all, in the traditional sense of the word. It is

nowhere to be found in the United States Code or the Federal Rules of Civil Procedure. Instead, it is a court-created doctrine to consolidate cases in certain circumstances. The premise is that when the same parties file serial cases against the same defendants in varying districts, the district in which the case is first filed should hear all the cases. *Collegiate Licensing Co. v. American Casualty Company,* 713 F.3d 71 (11th Cir. 2013).

Defendants' premise is that *one* of the plaintiffs in the present case previously filed a similar case in the Northern District of Georgia against *one* of the defendants in the in present case. Defendants therefore believe that all plaintiffs and all defendants in the present case should have to litigate their case in a different district.

It is the implementation of the first-filed rule that Defendants have confused. The court in which the first case was filed decides "whether the second filed suit must be dismissed, stayed, or transferred and consolidated." *Id.,* 713 F.3d at 78. It is not *this* Court, therefore, that should be hearing Defendants' motion. The Northern District of Georgia, as the venue of the first-filed case, is the court to which Defendants should have addressed their motion. This Court is not empowered under the first-filed rule to decide to transfer the case.

## II. Transfer Would Be Inconvenient

In support of their Motion, Defendants claim that transfer would be convenient to the Parties.  Presumably the Corps is indifferent as to venue, because it exists everywhere throughout the nation.  As Defendants point out, Plaintiff GeorgiaCarry.Org, Inc. ("GCO") is in the Northern District of Georgia.  But Defendants ignore the other two parties, Plaintiff Barrs and Defendant Tickner.  Plaintiff Barrs lives in this District.  Defendant Tickner's office is in this District.  Tickner does not claim that it would be convenient for him to defend his case in the Northern District, and it certainly would not be convenient for Barrs to prosecute his case in the Northern District.

Defendants refer to GCO as the "lead plaintiff," implying that the "lead plaintiff" somehow has more to do with the prosecution of the case than the other plaintiffs.  At least in this case, just the opposite is true.  GCO only has standing as an association with a member (Barrs) who has standing.  It is Barrs who is the "lead" plaintiff in the sense that it is his case and his facts that will be argued.  It is Barrs' deposition that no doubt will be taken.  Barrs lives quite close to the Court to which this case has been assigned (Barrs lives in Columbia County, a short drive to the federal courthouse in Augusta).  If this case is transferred, Barrs would have over 200 miles to drive to the courthouse in Rome (the Northern District case is in the Rome Division).  It would be a great inconvenience for him.

## III.  Judicial Economy Indicates the Case Should Be Transferred to Idaho

Defendants urge the Court to transfer this case to the Northern District of Georgia in the interest of judicial economy.  They argue that it would be wasteful to litigate similar issues again, and the sources they cite say one purpose of the first-filed rule is to avoid conflicting outcomes.

These principles, however, indicate that the case should be transferred to the District of Idaho.  Defendant Corps already has litigated similar issues there. *See Morris v. U.S. Army Corps of Engineers,* No. 3:13-CV-336-BLW, "Memorandum Decision," Doc. 67 (D. Id., October 13, 2014).  In *Morris,* the District Court ruled that the Second Amendment protects carrying firearms on Corps property, and permanently enjoined the Corps from enforcing its regulation that is the issue in the present case.

If Defendants truly were interested in conserving judicial resources and avoiding conflicting outcomes, they would seek to transfer this case to the District of Idaho (or would just concede the case).  But, of course, they do not want *that much* conservation of judicial resources.  Nor do they have any interest at all in avoiding conflicting outcomes.  In fact, they are desperate for a conflicting outcome.  But if this Court determines that a transfer is appropriate for the reasons urged by Defendants, then the case should be transferred to the District of Idaho.

JOHN R. MONROE,

\_\_\_/s/ John R. Monroe_____
John R. Monroe
Attorney at Law
9640 Coleman Road
Roswell, GA 30075
Telephone: (678) 362-7650
Facsimile: (770) 552-9318

Georgia Bar No. 516193

ATTORNEY FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

 I certify that on November 24, 2014, I served a copy of the foregoing via the ECF system on counsel of record

        /s/ John R. Monroe

       John R. Monroe