IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| GEORGIACARRY.ORG, INC., and BRIAN BARRS, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION FILE NO. |
| v. | ) ) | 1:14-CV-00178-JRH-BKE |
| U.S. ARMY CORPS OF ENGINEERS and THOMAS J. TICKNER, in his official capacity as Commander, Savannah District U.S. Army Corps of Engineers, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER CASE

In accordance with the Eleventh Circuit's first-filed rule, Defendants have moved to transfer this case to the United States District Court for the Northern District of Georgia ("Northern District"). In the alternative, Defendants have moved to transfer this case to the Northern District under 28 U.S.C. § 1404(a). Though Plaintiffs oppose this motion, their opposition lacks merit.

Defendants have asked this Court to transfer this case to the Northern District, to permit that Court to determine whether the first-filed rule applies to this case and the virtually-identical case pending before the Northern District. Def. Mot. to Transfer Case ("Def. Mot.") at 1-8 [ECF No. 7-1]. In response, Plaintiffs contend that the Court may not transfer this case. Pl. Opp. to Def. Mot. to Transfer ("Pl. Opp.") at 1-2 [ECF No. 20]. However, the only case Plaintiffs cite to support this contention, Collegiate Licensing Company v. American Casualty Company, 713 F.3d 71 (11th Cir. 2013), does not state that a court may not transfer a second-filed action to a

1

first-filed court to allow that Court to determine whether the first-filed rule applies. The Fifth Circuit has held otherwise. See Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 606 (5th Cir. 1999) ("[O]nce the district court found that the issues might substantially overlap, the proper course of action was for the court to transfer the case to the [first-filed] court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed."). And many courts in this Circuit have ordered second-filed actions to be transferred. See, e.g., Barkley v. Pizza Hut of Am., No. 14-376, 2014 WL 3908197, at *3, 4 (M.D. Fla. Aug. 11, 2014); Jacobs v. United States, No. 13-278, 2014 WL 103840, at *1-2 (N.D. Fla. Jan. 10, 2014); Laskaris v. Fifth Third Bank, 962 F. Supp. 2d 1297, 1299 (S.D. Fla. 2013); Travel Spike v. Travel Ad Network, No. 11-3199, 2012 WL 887591, at *2 (N.D. Ga. March 14, 2012); Marietta Drapery & Window Coverings Co. v. N. River Ins. Co., 486 F. Supp. 2d 1366, 1370 (N.D. Ga. 2007); see also Def. Mot. at 7 n.4 (citing additional cases). This case should be similarly transferred.

In addition to moving to transfer this case under the first-filed rule, Defendants have moved to transfer venue in this case to the Northern District "[f]or the convenience of parties and witnesses." 28 U.S.C. § 1404(a). Plaintiffs assert two objections to this motion: (1) Defendant Thomas J. Tickner has not stated that it would be convenient for him to defend this action in the Northern District; and (2) it would not be convenient for Plaintiff Brian Barrs to prosecute this case in the Northern District. Pl. Opp. at 3. Neither objection has merit. Because Defendant Tickner is sued in his official capacity only, see Compl. ¶ 12, this case is tantamount to a suit against the United States, and does not require Defendant Tickner's personal involvement. See Nalls v. Bureau of Prisons, 359 F. App'x 99, 100 (11th Cir. 2009) ("Official capacity suits are, in reality, suits against the official's agency/entity.") (citing Kentucky v. Graham, 473 U.S. 149

(1985)). Furthermore, Plaintiffs' contention that transfer to the Northern District would be inconvenient for Plaintiff Barrs incorrectly assumes that Plaintiff Barrs will be deposed. See Pl. Opp. at 3. However, as explained in Defendants' opening brief, witness testimony is not appropriate in this case, see Def. Mot. at 10-12. Defendants thus do not intend to take Plaintiff Barrs' deposition.

Finally, Plaintiffs' assertion that this case should be transferred to the District of Idaho, Pl. Opp. at 4, lacks any merit. Because there is no first-filed action pending in the District of Idaho, the first-filed rule would not warrant transfer to that District. Furthermore, transfer under 28 U.S.C. § 1404(a) may only be made to a venue in which a civil action "might have been brought." Plaintiffs do not allege that venue in this case would be proper in the District of Idaho, and Defendants are not aware of any statute under which venue in this case would be proper in that District.

For the reasons stated above and in Defendants' opening brief, the Court should transfer this case to United States District Court for the Northern District of Georgia.

Dated: December 10, 2014                    Respectfully submitted,

                                            JOYCE R. BRANDA
                                            Acting Assistant Attorney General


                                              /s/ Daniel Riess
                                            DIANE KELLEHER
                                            Assistant Branch Director
                                            DANIEL RIESS (Texas Bar No. 24037359)
                                            Trial Attorney
                                            U.S. Department of Justice
                                            Civil Division, Rm. 6122
                                            20 Massachusetts Avenue, NW
                                            Washington, D.C. 20530
                                            Telephone: (202) 353-3098

                                    Fax: (202) 616-8460
                                    Email: Daniel.Riess@usdoj.gov

                                    EDWARD J. TARVER
                                    United States Attorney

                                      /s/ Edgar D. Bueno
                                    EDGAR D. BUENO
                                    Assistant United States Attorney
                                    Virginia Bar No. 41307
                                    22 Barnard Street, Suite 300
                                    Savannah, Georgia 31401
                                    (912) 652-4422
                                    Edgar.Bueno@usdoj.gov

                                    *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

      I certify that, on December 10, 2014, I electronically filed the within and foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the parties' attorneys of record.

      This 10th day of December, 2014.

                                              /s/ Daniel Riess
                                            Daniel Riess