IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| GEORGIACARRY.ORG, INC., and BRIAN BARRS, | * * * | |
| Plaintiffs, | * * | |
| vs. | * * | CV 114-178 |
| U.S. ARMY CORPS OF ENGINEERS, and THOMAS J. TICKNER, in his official capacity as Commander, Savannah District U.S. Army Corps of Engineers, | * * * * * * | |
| Defendants. | * | |

O R D E R

Before the Court is Defendants' motion to transfer case. (Doc. no. 7.) Plaintiffs oppose transfer. (Doc. no. 20.) For the reasons stated herein, Defendants' motion is **GRANTED**.

I. BACKGROUND

On September 4, 2014, Plaintiffs filed a complaint seeking the Court's declaration that 36 C.F.R. § 327.13 (the "Firearms Regulation"), a regulation restricting gun use on Defendant United States Army Corps of Engineers' ("U.S.A.C.E.") property, violates the Second Amendment of the United States Constitution. Plaintiffs also seek a preliminary and permanent injunction prohibiting the enforcement of the

Firearms Regulation against members of GeorgiaCarry.Org, Inc.

On November 7, 2014, Defendants filed a motion to transfer the case to the United States District Court for the Northern District of Georgia, Rome Division ("Northern District") where a virtually identical lawsuit was filed on June 12, 2014 and is still pending. See GeorgiaCarry.Org, Inc. v. The United States Army Corps of Engineers, 2014 WL 4059375 (N.D. Ga. Aug. 18, 2014)(denying injunction). In the alternative, Defendants request this Court transfer venue to the Northern District pursuant to 28 U.S.C. § 1404. (Doc. no. 7.)

In the action recently commenced in the Northern District ("GeorgiaCarry I"), GeorgiaCarry.Org, Inc. and a local member of that organization, David James, sued U.S.A.C.E. and the local U.S.A.C.E. commander, Jon J. Chytka, challenging the Firearms Regulation as applied at U.S.A.C.E.-managed Lake Allatoona near Atlanta, Georgia. In the case filed in this Court ("GeorgiaCarry II"), GeorgiaCarry.Org, Inc. and a local member of that organization, Brian Barrs, sued U.S.A.C.E. and the local U.S.A.C.E. commander, Thomas J. Tickner, challenging the Firearms Regulation as applied at U.S.A.C.E.-managed J. Strom Thurmond Lake near Augusta, Georgia.

In GeorgiaCarry I, on August 18, 2014, the court denied the plaintiffs' request for an injunction in part because the

plaintiffs were unlikely to succeed on the merits. GeorgiaCarry.Org, Inc., 2014 WL 4059375, *11. ("[T]here is little doubt that [U.S.A.C.E.] could exclude civilians from its property altogether" and therefore "it would be an awkward holding to find that . . . if it chooses to allow them access, it must also allow them to carry firearms."). On August 27, 2014, at the plaintiffs' request, the court stayed all proceedings in that case pending the Eleventh Circuit Court of Appeals' adjudication of the plaintiffs' interlocutory appeal of the denial of preliminary injunctive relief. (Defs.' Mot. to Transfer at 2.) One week later, GeorgiaCarry.Org, Inc. and Brian Barrs filed GeorgiaCarry II in this Court.

## II. DISCUSSION

Defendants argue that this Court should transfer this case to the Northern District under the first-filed rule because substantially similar litigation was first filed and is pending there. Plaintiffs contend that this Court lacks jurisdiction to transfer the case and that the Northern District is an inconvenient forum. The first-filed rule provides that when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case. Collegiate Licensing Co. v. Am. Cas. Co., 713 F.3d 71, 78 (11th Cir.

3

2013)("[W]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule."). The first-filed rule is grounded in principles of comity and sound judicial administration. Strother v. Hylas Yachts, Inc., 2012 WL 4531357, *1 (S.D. Fla. Oct. 1, 2012)("The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result."). In determining whether the rule applies, courts look to the following factors: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. Rudolph & Me, Inc. v. Ornament Cent., LLC, 2011 WL 3919711, *2 (M.D. Fla Sept. 7, 2011). When the rule applies, a district court may elect to stay, transfer, or dismiss a duplicative later-filed action, and in applying the rule, judges are afforded an ample degree of discretion. Strother, 2012 WL 4531357, *1. In order to overcome the presumption favoring the forum of the first-filed suit, the objecting party must "carry the burden of proving compelling circumstances" to warrant an exception to the first-filed rule. Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005).

4

Here, it is undisputed that GeorgiaCarry I was filed in the Northern District three months before GeorgiaCarry II was filed in this Court. As for the parties involved, they are similar but not identical. GeorgiaCarry.Org, Inc. is a plaintiff in each case and U.S.A.C.E. is a defendant in each case, but the organization's local member and U.S.A.C.E.'s local commander are different. However, the parties need not be identical for a court to transfer a case under the first-filed rule if the two cases substantially overlap. See e.g., Strother, 2012 WL 4531357, *2 (first-filed rule requires overlapping issues and parties but the cases need not be identical to be duplicative); Rudolph & Me, Inc. v. Ornament Cent., LLC, 2011 WL 3919711, *2 (M.D. Fla Sept. 7, 2011)(disparity between the parties does not render the first-filed rule inapplicable); Global Innovation Tech. Holdings v. Acer Am. Corp., 634 F. Supp. 1346, 1349 (S.D. Fla 2009)("[A]lthough the two cases include different party defendants, a strong commonality unites them."). With regard to substantive similarities, the complaint in GeorgiaCarry I is almost a carbon copy of the complaint in GeorgiaCarry II. Each action presents a Second Amendment challenge to the Firearms Regulation as applied at U.S.A.C.E.-managed, large recreational areas in the state of Georgia. The issues clearly overlap. All three factors - chronology of the two actions,

similarity of the parties, and similarity of the issues - weigh in favor of transfer.

Plaintiffs argue that this Court has no jurisdiction to transfer the case because, pursuant to the first-filed rule, it is the court initially seized of the matter that is empowered to determine the disposition of the cases. If a court determines that a plaintiff's two lawsuits involve substantial overlap and the plaintiff first filed one of the actions in another district court, the proper course of action is for the court to transfer the case to the first-filed court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed. See e.g., Jacobs v. United States, 2014 WL 103840, *2 (N.D. Fla. Jan. 10, 2014)(transferring a case to a forum under the first-filed rule where plaintiff had filed a similar action three months earlier involving the same set of facts and claims of medical negligence against the same defendants); Laskaris v. Fifth Third Bank, 962 F. Supp. 2d 1297, 1299 (S.D. Fla. 2013)(transferring a case to another district court under the first-filed rule where plaintiff had filed a nearly identical suit against the same bank six months earlier alleging breach of contract); Travel Spike v. Travel Ad Network, 2012 WL 887591, *2 (N.D. Ga. March 14, 2012)(transferring a case to a district under the first-filed rule where a substantially

6

overlapping case involving the same parties was pending); Marietta Drapery & Window Coverings Co., Inc. v. The N. River Ins. Co., 486 F. Supp. 2d 1366, 1370 (N.D. Ga. 2007)(transferring a case to a forum where a similar case was pending in order for the first-filed court to determine which of the two cases should proceed or whether they should be consolidated). There is no case law supporting Plaintiffs position that this Court has no power to transfer GeorgiaCarry II to the Northern District in order for that court to determine whether Georgia Carry II should be dismissed, stayed or consolidated with GeorgiaCarry I. Such a transfer is appropriate here.

Plaintiffs also argue that transfer from the Southern District to the Northern District would be inconvenient. Brian Barrs lives in the Southern District and frequently recreates at J. Strom Thurmond Lake located in the Southern District. However, GeorgiaCarry.Org, Inc. is headquartered in the Northern District and Plaintiffs' counsel has an office in the Northern District. The Court finds that Plaintiffs would not be unduly burdened if this case is transferred to the forum where GeorgiaCarry.Org, Inc. recently chose to commence similar litigation.

In sum, Plaintiffs fail to articulate any compelling circumstances that would justify an exception to the well-

established first-filed rule. See Manuel, 430 F.3d at 1136.

### III. CONCLUSION

For the reasons stated herein, the Court **GRANTS** Defendants' motion to transfer case. (Doc. no. 7.) The Clerk is directed to **TRANSFER** this case to the United States District Court for the Northern District of Georgia, Rome Division.

**ORDER ENTERED** at Augusta, Georgia, this  14th  day of January, 2015.

_____
Honorable J. Randal Hall
United States District Judge
Southern District of Georgia