# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | | |
|---|---|---|
| GEORGIACARRY.ORG, INC., and BRIAN BARRS, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION FILE NO. |
| v. | ) ) ) | 4:15-cv-00009-HLM |
| U.S. ARMY CORPS OF ENGINEERS and THOMAS J. TICKNER, in his official capacity as Commander, Savannah District, U.S. Army Corps of Engineers, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF
## DEFENDANTS' MOTION TO CONSOLIDATE

# INTRODUCTION

Defendants respectfully move, pursuant to Fed. R. Civ. P. 42, to consolidate the present action ("GeorgiaCarry II"), which was recently transferred to this Court from the U.S. District Court for the Southern District of Georgia, with GeorgiaCarry.Org v. U.S. Army Corps of Engineers, civil action no. 4:14-CV-139-HLM.  The plaintiffs in both cases challenge the constitutionality of regulations issued by the U.S. Army Corps of Engineers ("Corps") to regulate firearms on Corps-managed recreational areas.  Consolidation of these two actions is appropriate because, despite minor differences, both challenge the same agency regulations and present the same central legal issue.  Thus, consolidation will serve the interests of judicial economy and eliminate the risk of inconsistent judgments.  Additionally, because both actions are at an early stage of litigation, consolidation of these actions will not result in prejudice to any party.  The Court should therefore consolidate these two actions.

# BACKGROUND

On June 12, 2014, Plaintiffs filed GeorgiaCarry I, see Compl., GeorgiaCarry I (attached as Ex. 1), and later moved for a preliminary injunction (GeorgiaCarry I, Dkt. 5).  On August 18, 2014, the Court denied Plaintiffs' motion.  Order, GeorgiaCarry I, __ F. Supp. 2d __, 2014 WL 4059375, at *3-12 (N.D. Ga. Aug.

18, 2014).  Plaintiffs noticed an appeal of the Court's Order to the Eleventh Circuit, see GeorgiaCarry I, Dkt. 20, and moved this Court for a stay of proceedings until the Eleventh Circuit disposed of this interlocutory appeal.  GeorgiaCarry I, Dkt. 26.  In their motion, Plaintiffs represented that they were seeking a stay of proceedings "[i]n an effort to conserve both judicial resources and the Parties' resources."  Id. at 1.  The Court granted Plaintiffs' motion on August 27, 2014 (GeorgiaCarry I, Dkt. 27).

Eight days later, counsel for Plaintiffs filed the present action in the Southern District of Georgia.  See Compl. (Dkt. 1).  On November 11, 2014, Defendants in this action moved the Southern District to transfer that case to this Court.  Over Plaintiffs' opposition, the Southern District granted Defendants' motion on January 14, 2015.  See Order dated Jan. 14, 2015 (Dkt. 24).

## ARGUMENT

Federal Rule of Civil Procedure 42(a) provides that, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  The Eleventh Circuit has explained that consolidation "is permissive and vests a purely discretionary power in the district court."  Young v. City of Augusta, 59 F.3d 1160, 1168 (11th

Cir. 1995) (citation and internal punctuation omitted).  In exercising that discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated.  Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985).

Rule 42(a) represents "a codification of a trial court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  Hendrix, 776 F.2d at 1495 (internal citations and punctuation omitted).  In this Circuit, district judges have been "urged to make good use of Rule 42(a) . . . where there is involved a common question of fact and law as to the liability of the defendant in order to expedite the trial and eliminate unnecessary repetition and confusion."  Young, 59 F.3d at 1169 (citations and internal puntation omitted).  Id.  "The trial court's managerial power is especially strong and flexible in matters of consolidation."  In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972, 549 F.2d 1006, 1013 (5th Cir. 1977).[1]

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to October 1, 1981.

3

The two actions at issue in this motion are appropriate for consolidation because the resolution of both will turn largely on how the Court answers one central question of law: whether the Corps regulation restricting the possession of firearms on Corps-managed recreational lands is consistent with the Second Amendment.  Consolidation of these actions will avoid duplicative review of this legal question and therefore serves the interest of judicial economy.  Additionally, because the factors that the Court must weigh in evaluating this motion weigh in favor of consolidation, see Hendrix, 776 F.2d at 1495, the Court should consolidate these two actions.

    1) <u>Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues.</u>  Consolidation will avoid the risk of conflicting results in these two actions. The concern about inconsistent rulings is particularly strong here, where the plaintiffs in both actions are seeking the same declaratory and injunctive relief, viz., a declaratory judgment that the Corps firearms regulation is unconstitutional, and an injunction prohibiting its enforcement.  See Compl. ¶¶ 36-37; Ex. 1 at ¶¶ 40-41.  Permitting these two lawsuits to be separately litigated in the same District could lead to inconsistent judgments: one holding that the Corps regulation is constitutional, and one holding that it is not.  The virtually-identical nature of the

claims in these two cases would allow for determinations in different courts that could create direct and irreconcilable conflict. But consolidating these cases will avoid the unnecessary waste of duplicative actions, and will serve the interests of justice by promoting an efficient resolution of identical legal issues.

Additionally, consolidating these two actions will not prejudice any plaintiff or promote confusion. Consolidation will not prejudice any plaintiff in any way. Both cases are in the very early stages of litigation. Both cases should be heard on the administrative record, which will be identical in each case. Therefore, consolidating these actions at this early stage will not prejudice any party.

Nor is there any risk of possible confusion here, in light of the fact that the two actions are virtually identical. Even a cursory comparison of the complaints filed in the two cases shows that the present action is essentially a carbon copy of GeorgiaCarry I:

- The complaints in GeorgiaCarry I and GeorgiaCarry II differ substantively only in the identities of the second named plaintiff, the location of the Corps recreational facility frequented by this second plaintiff, and the second named defendant.

- The plaintiffs in both cases are GeorgiaCarry and a member of GeorgiaCarry residing in Georgia; the defendants are the Corps and the Corps' local District Commander.
- Both cases were filed by the same counsel.
- The sole cause of action asserted in both complaints is phrased identically, except for the substitution of one nominal plaintiff's name for another. Compare Compl. ¶¶ 38-39 with Ex. 1, at ¶¶ 34-35.
- Both complaints seek virtually the same relief, except that the injunctive relief sought in GeorgiaCarry II is slightly more limited. Compare Compl. ¶¶ 40-43 with Ex. 1, at ¶¶ 36-39.
- Much of the substance of the two complaints is also phrased almost identically, if not verbatim. Compare Compl. ¶ 1 with Ex. 1, at ¶ 1 ("Introduction"); Compl. ¶¶ 2-3 with Ex. 1, at ¶¶ 2-3 ("Jurisdiction & Venue"); Compl. ¶¶ 4-13 with Ex. 1, at ¶¶ 4-13 ("Parties"); Compl. ¶¶ 14-37 with Ex. 1, at ¶¶ 14-33 ("Factual Background").

Additionally, GeorgiaCarry has made no effort to disguise the fact that the two lawsuits are related. See Rachel Stockman, Group Files Lawsuit to Permit Guns at Federally Operated Lakes (Sept. 10, 2014) (attached as Ex. 2) ("A gun rights group filed a second lawsuit against the U.S. Corps of Engineers' policy that prohibits

6

guns. It was filed in the Southern District of Georgia District Court. . . . 'We are hoping to have the courts declare the regulation unconstitutional,' said John Monroe, who is representing the plaintiffs and Georgiacarry.org, suing the government in both cases.").[2]

The differences between these two actions are peripheral and do not undermine the strong justifications for consolidation.  Though Plaintiff James and Defendant Chytka are not parties to the present action, this difference does not negate the two lawsuits' fundamental similarities or undercut the strong justifications for consolidation.  See Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. LaBranche & Co., 229 F.R.D. 395, 402 (S.D.N.Y. 2004) ("Consolidation is appropriate when, as here, there are actions involving common questions of law or fact.  That certain defendants are named in only one or some of the complaints does not require a different result.") (internal citations omitted); Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of Fed. Reserve Sys., 770 F. Supp. 2d 283, 286 (D.D.C. 2011) ("Identity of the parties is not a prerequisite.  To the contrary, cases may be consolidated even where certain defendants are named in only one of the Complaints or where, as here, the plaintiffs are different but are asserting identical questions of law against the same defendant.") (citing cases).

---

[2] *Available at* http://www.wsbtv.com/news/news/local/group-files-lawsuit-permit-guns-allatoona-lake/nhKkZ/.

The consolidation of actions is appropriate regardless of the presence of different claims or different issues of law or fact; it is sufficient if there is *any* common question of law or fact.  See Hargett v. Valley Fed. Sav. Bank, 60 F.3d 754, 765 (11th Cir. 1995) ("A trial court may consolidate cases when actions involving a common question of law or fact are pending before the court.") (citation omitted); 9A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, 9A Fed. Prac. & Proc. § 2382 (3d ed. 1998) (existence of one common question of law suffices for consolidation).

In sum, the risk of inconsistent adjudications of common factual and legal issues in these two cases substantially outweighs any specific risk of prejudice or possible confusion.  This factor weighs in favor of consolidation.

2) <u>The burden on parties</u>.  No additional burden on any party will be imposed by consolidation of the two cases.  This factor is neutral.

3) <u>Witnesses and available judicial resources posed by multiple lawsuits.</u> Witnesses are irrelevant because, as explained below, witness testimony is not appropriate in this case because this suit must proceed under the Administrative Procedure Act, 5 U.S.C. § 701 <u>et</u> <u>seq</u>. ("APA").  Additionally, permitting two cases involving the same central legal issue to proceed before two different courts in this District would waste time, energy, and scarce judicial resources.

The sole applicable waiver of sovereign immunity for Plaintiffs' causes of action is the waiver contained in the APA, and judicial review under the APA is limited to review of the administrative record. As an examination of the two complaints demonstrates, these actions seek judicial review of administrative agency action – namely, the Corps' decision to enforce its firearms regulation – under the Second Amendment. See Compl. ¶¶ 38-39; Ex. 1 at ¶¶ 34-35. The only waiver of federal sovereign immunity that could apply to Plaintiffs' claims for relief under the Second Amendment is the waiver provided under the APA. See 5 U.S.C. § 702 (waiving sovereign immunity for federal claims seeking relief other than money damages against federal agencies and federal officials sued in their official capacities). And the only applicable cause of action for Plaintiffs' claims appears in Section 704 of the APA. See id. § 704 ("[F]inal agency action for which there is no other adequate remedy in a court [is] subject to judicial review.").

Consequently, because the APA supplies the only applicable cause of action and sovereign immunity waiver for Plaintiffs' claims, if this Court were to decide these actions on the merits, review of Plaintiffs' claims would be limited to review of the administrative record, and witness testimony would not be appropriate. See 5 U.S.C. § 706 (in making its determinations, "the court shall review the whole

record or those parts of it cited by a party. . ."); Camp v. Pitts, 411 U.S. 138, 142 (1973) (under the APA standard of review, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."). "[T]he general rule, applicable across the board to judicial review of administrative action . . . , is that the court may not go outside the administrative record." Najjar v. Ashcroft, 257 F.3d 1262, 1278 (11th Cir. 2001) (citation and internal quotation marks omitted); see also Alabama-Tombigbee Rivers Coalition v. Kempthorne, 477 F.3d 1250, 1262 (11th Cir. 2007) (under the APA, "[t]he focal point for judicial review of an administrative agency's action should be the administrative record") (citation omitted); P.E.A.C.H., Inc. v. U.S. Army Corps of Eng'rs, 87 F.3d 1242, 1246 (11th Cir. 1996) (when conducting APA review, the "task of the reviewing court is to apply the appropriate . . . standard of review . . . to the agency decision based on the record the agency presents to the reviewing court") (citation omitted). Because the record compiled by the agency, not witness testimony, would be the basis of any review on the merits, the issue of witnesses is irrelevant or neutral to the Court's determination here.

By contrast, the issue of available judicial resources posed by multiple lawsuits weighs strongly in favor of consolidation. Permitting these two cases to

proceed separately will virtually double the energy and resources required of the parties and the judicial system to resolve this dispute.  Consolidating these cases will avoid such a result.  This factor thus weighs in favor of consolidation.

4) <u>The length of time required to conclude multiple suits as against a single one.</u>  Because these actions are virtually identical, it is reasonable to presume that the same amount of time would be required to conclude both suits. This factor is therefore neutral.

5) <u>The relative expense to all concerned.</u>  This factor is neutral here.

In sum, two factors weigh in favor of transfer (one heavily so), and the remaining factors are at most neutral, irrelevant, or entitled to no weight. The analysis of these factors thus weighs in favor of transfer.

To avoid wasteful and duplicative litigation, pretermit the possibility of inconsistent judgments, and to promote judicial economy, as well as the parties' (and the public's) interest in a speedy resolution of Plaintiffs' claims against Defendants, these two cases should be consolidated.  Additionally, pending the Court's ruling on this motion to consolidate, Defendants respectfully request that their obligation to respond to the complaint in the present action be stayed.[3]

---

[3] Defendants' obligation to respond to the complaint in <u>GeorgiaCarry I</u> is presently stayed, together with all proceedings in that case, pending the outcome of Plaintiffs' interlocutory appeal of the Court's denial of their preliminary injunction

## CONCLUSION

For the foregoing reasons, the Court should consolidate this case with GeorgiaCarry I.

| | |
|---|---|
| Dated: January 28, 2015 | Respectfully submitted, |
| Of Counsel | JOYCE R. BRANDA<br>Acting Assistant Attorney General |
| JOHN A. HORN<br>Acting United States Attorney<br>LORI BERANEK<br>Assistant United States Attorney<br>600 Richard B. Russell Federal Building<br>75 Spring Street, S.W.<br>Atlanta, Georgia 30303<br>Lori.Beranek@usdoj.gov | /s/ Daniel Riess<br>DIANE KELLEHER<br>Assistant Branch Director<br>DANIEL RIESS<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division, Rm. 6122<br>20 Massachusetts Avenue, NW<br>Washington, D.C. 20530<br>Telephone: (202) 353-3098<br>Fax: (202) 616-8460<br>Email: Daniel.Riess@usdoj.gov<br>*Attorneys for Defendants* |

---

motion. See GeorgiaCarry I, Dkt. 27. Thus, if the Court consolidates these two cases, Defendants respectfully request that the stay of proceedings in GeorgiaCarry I be extended to encompass the present action.