IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

GEORGIACARRY.ORG, INC., and
BRIAN BARRS,

     Plaintiffs,

v.

U.S. ARMY CORPS OF
ENGINEERS, and
THOMAS J. TICKNER, in his
official capacity as Commander,
Savannah District, U.S. Army
Corps. of Engineers,

     Defendants.

CIVIL ACTION FILE NO.:
4:15-CV-0009-HLM

## ORDER

This case is before the Court on Defendants' Motion to

Consolidate Cases [26].

AO 72A
(Rev.8/8
2)

## I.   Background

### A.   GeorgiaCarry I

On June 12, 2014, Plaintiff GeorgiaCarry.Org., Inc. ("Plaintiff GCO") and David James filed a lawsuit in this Court, Civil Action File No. 4:14-CV-0139-HLM ("GeorgiaCarry I"). (GeorgiaCarry I, Docket Entry No. 1.)   Plaintiff GCO and Mr. James named Defendant U.S. Army Corps of Engineers ("Defendant Corps") and Jon J. Chytka, in his official capacity as Commander, Mobile District of Defendant Corps as defendants in that action.   (Id., Compl. (Docket Entry No. 1) at 1.)   Plaintiff GCO and Mr. James alleged that Mr. James possessed a Georgia weapons carry license ("GWL") (id. ¶ 14), and that Mr. James frequently camped and recreated on Defendant Corps' property and facilities at Lake Allatoona (id. ¶¶ 17-18, 22).   Plaintiff GCO and Mr. James stated that 36 C.F.R. § 327.13 prohibited possession of firearms on Defendant Corps' property, absent written permission to carry a

2

firearm from the District Commander. (Id. ¶¶ 23-25.) According to Plaintiff GCO and Mr. James, Mr. Chytka denied Mr. James's application for permission to carry a firearm on Corps property. (Id. ¶ 32.) Plaintiff GCO and Mr. James alleged that Defendant Corps and Mr. Chytka had violated their rights to keep and bear arms, as guaranteed by the Second Amendment, "[b]y having and enforcing a regulation that prohibits keeping and bearing arms by people who are both recreating and camping at Corps facilities, and by denying [Mr.] James' request for written permission to possess loaded firearms on Corps property." (Id. ¶ 35.) Plaintiff GCO and Mr. James sought "[a] declaration that 36 C.F.R. § 327.13 is unconstitutional on its face and as applied" (id. ¶ 36), as well as "[a] preliminary and permanent injunction prohibiting the enforcement of 36 C.F.R. § 327.13" (id. ¶ 37).

On August 18, 2014, the Court entered an Order denying the Motion for Preliminary Injunction filed by Plaintiff GCO and Mr.

3

James.  (GeorgiaCarry I, Docket Entry No. 19.)  Plaintiff GCO and Mr. James appealed that denial.  (Id., Docket Entry No. 20.)  That appeal remains pending, and the proceedings in GeorgiaCarry I are stayed pending the resolution of the appeal.  (Id., Docket Entry No. 27.)

## B.    The Instant Action

On September 4, 2014, Plaintiffs filed the instant action in the United States District Court for the Southern District of Georgia. (Docket Entry No. 1.)  Plaintiffs allege that 36 C.F.R. § 327.13, which prohibits possession of loaded firearms on Corps property absent written permission from the District Commander, violates the Second Amendment.  (See generally Compl. (Docket Entry No. 1).)  Specifically, Plaintiffs allege that "[b]y having and enforcing a regulation that prohibits keeping and bearing arms by people who are both recreating and camping at Corps facilities, and by denying [Plaintiff] Barrs' request for written permission to possess loaded

4

firearms on Corps property, Defendants are violating Plaintiffs' rights to keep and bear arms as guaranteed by the Second Amendment." (Id. ¶ 39.)  Plaintiffs seek "[a] declaration that 36 C.F.R. § 327.13 is unconstitutional as applied" (id. ¶ 40), as well as "[a] preliminary and permanent injunction prohibiting the enforcement of 36 C.F.R. § 327.13 against [Plaintiff] GCO members who are GWL holders in the recreational areas of the Thurmond Project" (id. ¶ 41).

Defendants moved to change venue to the United States District Court for the Northern District of Georgia.  (Docket Entry No. 7.)  On January 14, 2015, United States District Judge J. Randal Hall entered an Order transferring the instant action to this Court.  (Order of Jan. 14, 2015 (Docket Entry No. 24).)  The instant action was transferred to this Court and assigned to the undersigned.  (Docket Entry No. 25.)

5

On January 28, 2015, Defendants filed their Motion to Consolidate Cases, in which they sought to consolidate this action with GeorgiaCarry I. (Docket Entry No. 26.) The time period in which Plaintiffs could file a response to the Motion to Consolidate Cases has expired, and the Court finds that the matter is ripe for resolution.

## II.    Discussion

Plaintiffs failed to file a response to the Motion to Consolidate, and the Court consequently grants the Motion to Consolidate as unopposed. See N.D. Ga. R. 7.1B ("Failure to file a response shall indicate that there is no opposition to the motion."). Alternatively, for the reasons discussed below, the Court grants the Motion to Consolidate on its merits.

Federal Rule of Civil Procedure 42(a) provides, in relevant part:

6

> If actions before the court involve a common question of law or fact, the court may:
>
> (1)   join for hearing or trial any or all matters at issue in the actions;
>
> (2)   consolidate the actions; or
>
> (3)   issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).  Rule 42(a) "is a codification of a trial court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985) (internal quotation marks and citation omitted).  The United States Court of Appeals for the Eleventh Circuit has "encouraged trial judges to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion."  Id. (omission in original) (internal quotation marks and citation omitted).

7

A court's decision whether to consolidate actions "under Rule 42(a) is purely discretionary." Hendrix, 776 F.2d at 1495. In exercising this discretion, a court must consider:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Id. (alterations in original) (citations omitted). "The court must also bear in mind the extent to which the risks of prejudice and confusion that might attend a consolidated trial can be alleviated by utilizing cautionary instructions to the jury during the trial and controlling the manner in which the plaintiffs' claims (including the defenses thereto) are submitted to a jury for deliberation." Id.

After considering the above factors, the Court finds that consolidation of the Instant Action with GeorgiaCarry I is

8

appropriate.  First, the cases involve common questions of law, as resolution of both cases will depend on the Court's interpretation of 36 C.F.R. § 327.13 and the Second Amendment.  Consolidation will avoid the risk of conflicting results in the Instant Action and GeorgiaCarry I, both of which seek a declaration that 36 C.F.R. § 327.13 is unconstitutional and an injunction prohibiting 36 C.F.R. § 327.13's enforcement.  Second, consolidation will not prejudice any plaintiff, because both cases are in very early stages of litigation.  Third, given the striking similarities between the two cases, consolidation will not pose a risk of possible confusion. Fourth, consolidating the cases will not pose an additional burden on the Parties.  Finally, consolidation will help conserve judicial resources, will not significantly increase the length of time required to conclude the cases, and will not significantly increase the expenses to the Parties.  Under those circumstances, the Court exercises its discretion to consolidate the Instant Action with

9

GeorgiaCarry I.  The Court stays this action pending the Eleventh

Circuit's ruling on the appeal in GeorgiaCarry I.

## III.   Conclusion

ACCORDINGLY, the Court **GRANTS** Defendants' Motion to

Consolidate Cases [26], and **CONSOLIDATES** this action with

GeorgiaCarry.Org, Inc. v. U.S. Army Corps of Engineers, Civil

Action File No. 4:14-CV-0139-HLM.  The Court **DIRECTS** counsel

for the Parties to file all future pleadings, motions, and documents

only in Civil Action File No. 4:14-CV-139-HLM, and **DIRECTS** the

Clerk to **ADMINISTRATIVELY CLOSE** the instant action.  Pursuant

to the Court's August 27, 2014, Order in Civil Action File No. 4:14-

CV-139-HLM, the Court **STAYS** the proceedings in this action,

including Defendants' deadline for filing an Answer, until the

Eleventh Circuit rules on the appeal in Civil Action File No. 4:14-

CV-139-HLM and issues its mandate returning that case to the

10

AO 72A
(Rev.8/8
2)

Court.

IT IS SO ORDERED, this the 18 day of February, 2015.

_____
UNITED STATES DISTRICT JUDGE

11

AO 72A
(Rev.8/8
2)